UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PAUL REARDON,** *on behalf of himself and all others similarly situated,*<br><br>*Plaintiff,*<br><br>*v.*<br><br>**GOODPRESS PUBLISHING L.C. d/b/a SIMPLY THE BEST DIGITAL MARKETING and THOUGHTLY, LLC,**<br><br>*Defendants.* | Civil Case No.: 1:24-cv-02322-TRJ |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT WITH <u>DEFENDANT THOUGHTLY, LLC</u>**

Plaintiff Paul Reardon ("Plaintiff"), by counsel, submits this Brief in Support of his Motion to Enforce Settlement Agreement with Defendant Thoughtly, LLC.

## INTRODUCTION

On May 28, 2024, Plaintiff filed a class action complaint against Defendant GoodPress Publishing L.C. ("GoodPress") [Dkt. No. 1]. In the complaint, Plaintiff asserts two claims under the TCPA. [*See id*.] The first claim is for violation of the TCPA's prohibition against making calls to individuals on the National Do-Not-Call Registry. The second claim is for violation of the TCPA regulations that require,

*inter alia*, recording and honoring do not-call requests. On February 28, 2025, Plaintiff was granted leave to add Thoughtly as a party defendant after learning of Thoughtly's involvement and liability through the course of discovery directed to GoodPress [Dkt. No. 19]. As set forth below, Plaintiff and Thoughtly (proceeding *pro se* through its owner) reached a settlement of Plaintiff's individual claims against Thoughtly. Plaintiff then filed a Notice of Settlement with the Court and prepared a settlement agreement. Thoughtly subsequently reneged. Plaintiff asks the Court to enter an order enforcing the settlement.

## STATEMENT OF FACTS

On April 2, 2025, Plaintiff offered to resolve Plaintiff's individual claim against Defendant Thoughtly ("Defendant") for $25,000.00. Declaration of Max Morgan ("Morgan Dec."), ¶ 6. On May 21, 2025, Defendant accepted the offer. *Id*., ¶ 7. On May 22, 2025, Plaintiff's counsel spoke by phone with Defendant's owner, Torrey Leonard and discussed the settlement terms. *Id*., ¶ 8. The parties agreed that Thoughtly, LLC would be dismissed from the case without prejudice and the Action would proceed against GoodPress. *Id.* I confirmed the settlement and that payment would be made within thirty (30) days. *Id.* I advised Mr. Leonard that I would prepare and send him a draft of the settlement agreement memorializing the parties' agreement. *Id.* On May 29, 2025, Plaintiff sent Defendant a draft settlement agreement. *Id*., ¶ 9. Plaintiff followed up on June 2 and June 4. *Id*., ¶ 10. On June

5, 2025, Defendant indicated that it was having its attorney look over the settlement agreement. *Id.*, ¶ 11. Plaintiff advised Defendant he would file a Notice of Settlement and did so. *Id.*, ¶ 12. On June 10, 2025, Defendant emailed Plaintiff's counsel and sought to renege on the settlement. *Id.*, ¶ 13. On that date, Plaintiff advised Defendant he intended to file a motion to enforce the settlement if Defendant did not confirm it would honor the settlement by June 12, 2025. *Id.*, ¶ 14. Defendant did not agree or otherwise respond by June 12. *Id.*, ¶ 15.

Plaintiff has incurred three hours at $600/hour preparing this motion and related supporting documents.

## ARGUMENT

### A. The Court Should Enforce the Parties' Binding Settlement Agreement

This court has "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford v. Citizens & Southern Nat. Bank, Cartersville*, 928 F.2d 1118 (11th Cir. 1991). The construction of settlement contracts is governed by the state law applicable to contracts in general. *See In re: Johnson*, No. 24-62934-JWC, 2025 WL 1490407, at *8 (Bankr., N.D. Ga, 2025). It is well-settled law in Georgia that settlement agreements should be enforced. *Miller v. Miller*, 356 Ga. App. 142, 146-47 (2020). "The law favors compromise, and when parties have entered into a definite, certain, and unambiguous agreement to settle, it should be enforced." *Johnson v. DeKalb Cty.*, 314 Ga. App. 790, 793 (2012)

(internal punctuation and citations omitted). Because of this principle, a settlement agreement is generally enforced, "'unless the parties clearly failed to reach an agreement on an essential contract term.'" *Clough Mktg. Servs., Inc. v. Main Line Corp.,* No. 1:07-cv-0173-RLV, 2007 U.S. Dist. LEXIS 81692, 2007 WL 3474269, at *2 (N.D. Ga. Nov. 2, 2007), *aff'd*, 313 F. App'x 208 (11th Cir. 2008).

In the present case, the parties agreed to settle Plaintiff's individual claims against Defendant Thoughtly, LLC for $25,000.00.  The email history attached to the supporting Declaration of Plaintiff's counsel sets forth the history of the negotiations and settlement leading up to the filing of the Notice of Settlement. A contract may be formed via email. *Lytle v. King's Constr. Co.*, No. 1:14-cv-288-GGB, 2015 U.S. Dist. LEXIS 188427, 2015 WL 12856450, at *3 (N.D. Ga. July 30, 2015) ("Georgia courts have held that a contract (specifically a settlement agreement) may be formed over e-mail.").  It seems that Defendant simply had a case of buyer's remorse but no justifiable reason to renege on the settlement.  For example, Defendant did not take issue with any of the terms previously discussed and agreed to.  Defendant also represented that he was having a lawyer review the agreement and never provided any comments or revisions to the draft agreement. Defendant simply stated that he was no longer going to comply with the terms Defendant previously agreed to. Based on the above, the Court should enforce the settlement against Defendant Thoughtly, LLC.

Plaintiff also requests that the Court award Plaintiff his attorney's fees for having to prepare and file this motion. Plaintiff attempted to persuade Defendant to comply with the settlement agreement without the need for Court intervention, but Defendant failed to do so and this motion was required.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order enforcing the settlement agreement between Plaintiff and Defendant Thoughtly, LLC and grant his attorney's fees and costs for filing the subject motion.

This 1st day of July, 2025.

/s/ John A. Love
John A. Love, Esq.
Love Consumer Law
2500 Northwinds Parkway
Suite 330
Alpharetta, GA 30009
(404) 855-3600
tlove@loveconsumerlaw.com

Max S. Morgan, Esq.*
**THE WEITZ FIRM, LLC**
1515 Market Street
Suite 1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
Max.morgan@theweitzfirm.com

*Counsel for Plaintiff and the proposed class*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE, FONT, AND MARGINS

I certify that I have on this day filed and served the within and foregoing motion with the Clerk of Court using the CM/ECF electronic filing system to all counsel of record. I have also delivered a copy to Thoughtly, LLC's representative via email.

## CERTIFICATE OF FONT AND MARGINS

I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

This 1st day of July, 2025.

*/s/ John A. Love*
John A. Love